GREENSTONE LAW APC
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
Email: mgreenstone@greenstonelaw.com

GLANCY PRONGAY & MURRAY LLP
Marc L. Godino (SBN 182689)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: mgodino@glancylaw.com

*Attorneys for Plaintiff*

**Electronically FILED by Superior Court of California, County of Los Angeles 10/29/2025 9:21 AM David W. Slayton, Executive Officer/Clerk of Court, By M. Aguirre, Deputy Clerk**

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ALEXANDRA FERRER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON WORLDWIDE HOLDINGS, INC., a Delaware corporation, and DOES 1 through 10,<br><br>Defendants. | Case No. 25STCV31966<br><br>**CLASS ACTION COMPLAINT**<br><br>Violation of California Penal Code § 632.7<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff Alexandra Ferrer brings this class action on behalf of herself, and all others similarly situated ("Class Members"), against Hilton Worldwide Holdings, Inc. ("Defendant"), and DOES 1 through 10, for the unauthorized recording of conversations with Plaintiff and Class Members on their respective cellular telephones without their knowledge or consent in violation of California Penal Code § 632.7.

2. In 1967, the California Legislature determined that California citizens' privacy rights are essential and enacted the California Invasion of Privacy Act, California Penal Code § 630 et seq. ("CIPA"), to protect those rights. In 1992, the Legislature amended CIPA to add Section 632.7 and bring cellular and cordless telephone conversations within CIPA's protections.

3. Under Section 632.7, recording any communication made during a telephone call where one of the parties is on a cellular telephone is prohibited unless all parties to the communication consent. Unlike Penal Code Section 632 (applicable to landlines), there is no requirement of confidentiality under Section 632.7 (applicable to cellular telephones) for the recorded communication to fall within CIPA's protections. Under Section 637.2, a person whose communications are recorded in violation of Section 632.7 may bring a civil action for damages and injunctive relief.

4. As detailed below, Plaintiff alleges that Defendant violated Section 632.7 by routinely and intentionally recording conversations with consumers on their cellular telephones, without their knowledge or consent.

5. Pursuant to Sections 632.7 and 637.2, Plaintiff and Class Members are entitled to statutory damages and injunctive relief for Defendant's violations.

///

///

## JURISDICTION AND VENUE

6. **Jurisdiction.** This Court has subject-matter jurisdiction over this action under Penal Code Section 632.7, which prohibits the recording of communications without consent, and Section 637.2, which establishes a private right of action for such recording violations. This Court has personal jurisdiction over the parties because Defendant has continually and systematically conducted business in the State of California; likewise, Plaintiff and Class Members' rights were violated in the State of California and arose out of their contact with Defendant in California.

7. **Venue.** Venue is proper in Los Angeles County because Defendant does not reside in California and, therefore, the action may be tried in any county that the Plaintiff may designate in her complaint. Civil Code §395(a).

## PARTIES

8. Plaintiff is a resident of California.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant is a Delaware Corporation with its principal place of business in McLean, Virginia.

10. Plaintiff is unaware of the true names and capacities of the Doe Defendants sued herein under the fictitious names "DOE 1" through "DOE 10." Plaintiff is informed and believes, and based thereon alleges, that Waldorf and each Doe Defendant acted as the agent, servant, employee, joint venturer, or alter ego of each other, with the legal authority to act on the others' behalf, and that the acts and omissions of each Defendant was in accordance with, and represent, the official practice and policy of Defendants. Plaintiff is further informed and believes, and based thereon alleges, that each Defendant acted within the scope of such agency, or ratified each and every act or omission alleged herein. In addition, Plaintiff is informed and believes, and based thereon alleges, that each Defendant aided and abetted each and every act or omission alleged herein. Likewise, Plaintiff is informed and believes, and based thereon alleges, that each Defendant is in

some manner intentionally, negligently, or otherwise responsible for each and every act or omission alleged herein. Plaintiff will seek leave of this Court to amend this Complaint once the names and capacities of DOE 1 through DOE 10 become known.

**ALLEGATIONS CONCERNING DEFENDANT'S UNLAWFUL RECORDING IN VIOLATION OF PENAL CODE § 632.7**

11. Defendant is an international hospitality company that operates a broad portfolio of hotels through various brands, including the Waldorf Astoria, a world-famous high-end hotel brand with two locations in California.

12. In or about late-August, 2025, Plaintiff called the Waldorf Astoria customer service number, 800-925-3673 (i.e., 800-WALDORF), and spoke with a customer service representative.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant recorded her telephone call. However, Defendant never informed Plaintiff—during the call or at any time—that her call was being recorded or otherwise provided a recording disclosure.

14. Plaintiff's telephone call to Defendant's customer service was made while Plaintiff was in California using a cellular telephone with a California area code.

15. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant had a practice and policy of recording all inbound and outbound telephone calls. However, Defendant systematically failed to inform consumers, including Plaintiff, that it was secretly recording their telephone calls.

**CLASS ACTION ALLEGATIONS**

16. Plaintiff seeks to represent the following Class under Section 382 of the Code of Civil Procedure:

> All California residents who had a telephone conversation with Defendant on a cellular telephone that was recorded, without disclosure at the outset of the call that the conversation was recorded, within one year preceding the filing of this action through the date of certification.

17. Excluded from the Class are (1) Defendant, any entity or division in which Defendant has a controlling interest, and Defendant's legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the Class definition, and to add subclasses, if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

18. **Numerosity.** Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder would be impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and the Court. The Class Members are readily identifiable from, *inter alia*, information and records in Defendants' possession, custody, or control.

19. **Typicality.** Plaintiff's claims are typical of the claims of the Class in that she, like all Class Members, spoke with Defendant on her cellular telephone and her call was recorded without her knowledge or consent. Thus, Plaintiff, like the Class, is entitled to statutory damages of $5,000 per violation pursuant to California Penal Code Sections 632.7 and 637.2. Further, the factual bases of Defendant's misconduct are common to all Class Members and resulted in injury to all Class Members.

20. **Commonality.** There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members. These common legal and factual questions include the following:

a) Whether Defendant had a policy of recording calls with consumers during the class period;

b) Whether Defendant had a policy of not disclosing that calls with consumers were being recorded during the class period; and

c) Whether Defendant's failure to disclose that calls with consumers were being recorded during the class period violated Section 632.7 of CIPA.

21. **Adequate Representation.** Plaintiff will fairly and adequately protect the interests of Class Members. She has retained attorneys experienced in the prosecution of class actions, including consumer privacy class actions, and intends to prosecute this action vigorously.

22. **Predominance and Superiority.** Plaintiff and the Class Members have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of each individual Class Member's claim, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation because class treatment will conserve the resources of the Court and the litigants and will promote consistency and efficiency of adjudication.

## CAUSE OF ACTION

(Invasion of Privacy: Violation of Cal. Penal Code § 632.7)

23. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth above.

24. Penal Code section 632.7, in pertinent part, states that "[e]very person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones [or] a cellular radio telephone and a landline telephone . . . shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by

imprisonment in a county jail not exceeding one year." Cal. Penal Code § 632.7(a). Thus, on its face, Section 632.7 precludes the recording of any communications involving a cellular telephone without the consent of all parties to the communication.

25. Plaintiff is informed and believes, and thereupon alleges, that Defendant knowingly violated Section 632.7 by intentionally recording calls with California residents using cellular telephones without obtaining consent for recordation.

26. Penal Code Section 637.2 states that all persons whose respective communications have been recorded in violation of Section 632.7 "may bring a civil action against the person who committed the violation for . . . [f]ive thousand dollars ($5,000) per violation," as well as "an action to enjoin and restrain any [such] violation." Based on the foregoing, Plaintiff and Class Members are entitled to, and below herein do pray for, their statutory remedies and damages, including, but not limited to, those set forth in section 637.2.

27. Since this case is brought for the purpose of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorneys' fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure section 1021.5, or any other applicable statutes or laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. An order certifying the Class under California Code of Civil Procedure Section 382;

2. $5,000 per violation of section 632.7 for Plaintiff and each member of the Class;

3. Injunctive relief in the form of an order preliminarily and permanently enjoining Defendants from recording telephone conversations with California residents, including Plaintiff and the Class, without their prior consent;

4. Exemplary or punitive damages;

5. An award of attorneys' fees and costs, as allowed by law, including, but not limited to, pursuant to California Code of Civil Procedure Section 1021.5;

6. An award of pre-judgment and post-judgment interest, as provided by law;

7. Leave to amend the Complaint to conform to the evidence produced at trial; and

8. Such other relief as may be appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury as to all causes of action.

Dated: October 29, 2025

GREENSTONE LAW APC

By: *\/s/ Mark S. Greenstone*

Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9156
Fax: (310) 201-9160
Email: mgreenstone@greenstonelaw.com

*Attorney for Plaintiff*